# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

### W. J. MILLER, RESPONDENT, *v.* BETTY BRENHAM, EXECUTRIX, ETC., APPELLANT.

*Action on judgment of another State — Statute of limitations — Foreign statutes relating to remedies — are local in their effect — do not determine time of bringing.action in this State, on judgment of foreign State.*

APPEAL from a judgment entered on the verdict of a jury.

This action was brought upon a judgment recovered by the plaintiff against Charles J. Brenham and Beverly C. Sanders, in the Superior Court in the city of San Francisco, November 21, 1855, and this action upon it was not commenced until the early part of the year 1873. That was objected to as being too late, for the reason that by a statute of the State of California, an action upon the judgment of any court of the United States, or of any State or territory was required to be commenced within five years. If not brought within that time the judgment was neither discharged nor extinguished, but the party was deprived of the remedy. The court at General Term say : " The statute did not affect the demand in any other respect. And it cannot consequently be allowed to control the proceedings in the courts of this State brought for the collection of the judgment. The effect of statutes relating alone to the remedy is necessarily local, and this was a provision of that description. In this State an action upon the judgment could only be barred by showing that the defendant had resided here the length of time required for that purpose by the terms of our statute, where no presumption of payment arose in the case. (*Hubbell* v. *Coudrey*, 5 Johns., 132; *Bissell* v. *Hall*, 11 id., 168; *Ruggles* v. *Keeler*, 3 id., 264; *McElmoyle* v. *Cohen*, 13 Pet., 312; *Carpenter* v. *Wells*, 21 Barb., 593; *Power* v. *Hathaway*, 43 id., 214; *Toulandou* v. *Lachen-*

*meyer*, 37 How., 145.) And that was not shown to be the fact in this case; on the contrary, his residence was in the State of California. The defendant's liability was clearly established, and the judgment appealed from should be affirmed."

*Starr & Ruggles*, for the appellant. *Charles M. Da Costa*, for the respondent.

Opinion by Daniels, J. Davis, P. J., and Brady, J., concurred.

Judgment affirmed.